UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WANDA HENDERSON | CIVIL ACTION |
| VERSUS | NO. 18-789 |
| ALLSTATE BK REAL ESTATE HOLDINGS, LTD d/b/a HAZA FOODS LLC/WENDY'S | SECTION "R" (5) |

# ORDER AND REASONS

Before the Court is defendant's motion to dismiss.[1] For the following reasons, the Court grants the motion.

## I. BACKGROUND

Plaintiff Wanda Henderson alleges that she suffered serious injuries after she slipped and fell at a Wendy's in Boutte, Louisiana.[2] On December 18, 2017, plaintiff filed a petition for damages in state court against Defendant Allstate BK Real Estate Holdings, Ltd.[3] Defendant removed the matter to this Court on January 25, 2018, on the basis of diversity of citizenship.[4] Defendant now moves to dismiss for lack of personal jurisdiction.[5]

---

[1] R. Doc. 4.
[2] R. Doc. 1-1 at 1.
[3] *Id.*
[4] R. Doc. 1.
[5] R. Doc. 4.

## II. LEGAL STANDARD

Personal jurisdiction is "an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (internal quotation marks and citation omitted). A district court may exercise personal jurisdiction over a defendant if "(1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002).

Because Louisiana's long-arm statute, La. R.S. 13:3201, extends jurisdiction to the limits of due process, the Court need only consider whether the exercise of jurisdiction in this case satisfies federal due process requirements. *Dickson Mar. Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999). The exercise of personal jurisdiction over a foreign defendant satisfies due process when (1) "that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Revell*, 317 F.3d at 470 (internal quotation marks and

citation omitted). "Sufficient minimum contacts will give rise to either specific or general jurisdiction." *Id.*

General jurisdiction will attach if the defendant has engaged in "continuous and systematic" activities in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984). Specific jurisdiction "exists when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001) (internal quotation marks and citation omitted).

Plaintiff bears the burden of showing that personal jurisdiction exists, but need only present a *prima facie* case. *See Revell*, 317 F.3d at 469. When the district court rules on a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the "uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). But the district court is not required "to credit conclusory allegations, even if uncontroverted." *Panda Brandywine Corp.*, 253 F.3d at 869.

## III. DISCUSSION

Defendant is a Texas limited partnership with its principal office in Sugar Land, Texas.[6] Defendant represents that it has one general partner and five limited partners, all of whom are Texas citizens.[7] Defendant further represents that it does not conduct any business operations in Louisiana, it owns no property in Louisiana, and it does not own or operate the subject Wendy's location.[8]

Plaintiff has not responded to the motion to dismiss, and she does not contest defendant's representation that it conducts no business in Louisiana. The petition does not specifically allege that defendant owns or operates the Wendy's in Boutte.[9] Although the petition refers to the subject Wendy's as "the store of the above-mentioned defendant," plaintiff offers no additional details regarding defendant's relationship with the Wendy's location or the state of Louisiana.[10] This description of the store is too vague and conclusory to support jurisdiction. *See Panda Brandywine Corp.*, 253 F.3d at 869. Because plaintiff presents no facts to indicate that defendant has established

---

[6] R. Doc. 4-3 at 1-2.
[7] R. Doc. 1 at 3-4; R. Doc. 4-2 at 4.
[8] R. Doc. 4-2 at 4.
[9] R. Doc. 1-1 at 1-2.
[10] *Id.* at 1 ¶ 3.

4

minimum contacts with Louisiana, the Court lacks jurisdiction. Plaintiff's complaint must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

New Orleans, Louisiana, this __21st__ day of March, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE